IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Melissa Simmons,<br><br>    Plaintiff,<br><br>v.<br><br>Synectics, LLC (d/b/a Great Clips) and Mohammad Azam,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:22-cv-322<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Melissa Simmons ("Plaintiff") files this Complaint against Synectics, LLC (d/b/a Great Clips) ("Great Clips") and Mohammad Azam ("Mr. Azam") (collectively "Defendants"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendants.

2. Plaintiff alleges that Great Clips, and its owner, president, and director, Mr. Azam, were her employers and/or joint employers under the FLSA relative to the claims in this lawsuit.

3. Plaintiff was employed by Great Clips from approximately June 27, 2021 to approximately November 26, 2021. She was paid on an hourly basis, and worked job positions of stylist, assistant manager, and manager during that time. Plaintiff primarily worked at Defendants'

store located in Sherman, Texas. At times, Plaintiff also worked at Defendants' store in Durant, Oklahoma.

4. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and-one half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek.

5. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Melissa Simmons

6. Plaintiff is a natural person who resides in Dallas, Texas. She has standing to file this lawsuit.

7. Plaintiff was primarily employed by Defendants at 4117 North Sam Rayburn Freeway, Suite 250, Sherman, Texas 75090. At times during Plaintiff's employment with Defendants, Defendants also had Plaintiff work at a store owned, operated, and/or controlled by Defendants in Durant, Oklahoma.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Defendant Synectics, LLC (d/b/a Great Clips)

9. Great Clips is a domestic limited liability company.

10. Great Clips is registered with the Texas Secretary of State to conduct business operations in Texas.

11. According to data on file with the Texas Secretary of State, Great Clips' principle place of business is located at 3826 Benchmark Lane, Frisco, Texas 75034.

12. At all times when Plaintiff was employed by Great Clips, Great Clips was an "enterprise engaged in commerce" as defined by the FLSA.

13. At all times when Plaintiff was employed by Great Clips, Great Clips employed two or more employees.

14. At all times when Plaintiff was employed by Great Clips, Great Clips employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, Great Clips employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, phones, scissors, clippers, combs, brushes, hair cleaning products, hair styling products, hair dryers, and barber chairs.

15. On information and belief, Great Clips had annual gross sales or business volume in excess of $500,000 in 2021.

16. Great Clips may be served with summons through its registered agent, Mohammed Azam, 3826 Benchmark Lane, Frisco, Texas 75034.

C.  **Defendant Mohammed Azam**

17. Mr. Azam is a natural person.

18. During the time period of June 2021 to present, Mr. Azam has been the president of Great Clips.

19. During the time period of June 2021 to present, Mr. Azam was also an owner and director for Great Clips.

20. Mr. Azam had operational control over the day-to-day operations of Great Clips during the time period of Plaintiff's employment. Mr. Azam possessed the power to hire and fire employees of Great Clips, including Plaintiff. Mr. Azam possessed the power to set the work schedules for employees of Great Clips, including Plaintiff. Mr. Azam controlled the conditions of employment for employees of Great Clips, including Plaintiff. Mr. Azam determined the rate and method of payment for employees of Great Clips, including Plaintiff. For example, Mr. Azam determined Plaintiff's method and rates of pay which varied between approximately $11.00 per hour and $15.00 per hour during the time period of Plaintiff's employment.

21. Mr. Azam may be served with summons at 3826 Benchmark Lane, Frisco, Texas 75034.

**D.  Jurisdiction and Venue**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

24. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

26. Venue is proper in this Court because Great Clips' principal place of business is located in this District and Division and much of Plaintiff's work for Defendants made the subject matter of this lawsuit occurred in this District and Division.

## III.     FACTUAL BACKGROUND

27. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28. Synectics, LLC and Mr. Azam own and/or operate Great Clips haircare service franchises. Defendants own and/or operate two or more Great Clips stores.

29. Plaintiff was employed by Defendants from approximately June 27, 2021 to approximately November 26, 2021. She was paid on an hourly basis, and worked job positions of stylist, assistant manager, and manager during that time.

30. Plaintiff primarily worked at Defendants' store located at 4117 North Sam Rayburn Freeway, Suite 250, Sherman, Texas 75090. Additionally, Plaintiff regularly worked as an employee of Defendants at a store in Durant, Oklahoma.

31. Defendants paid Plaintiff on an hourly basis that varied during her employment. From approximately June 27, 2021 to approximately July 23, 2021, Plaintiff's hourly rate of pay was approximately $11.00. From approximately July 24, 2021 to approximately August 20, 2021, Plaintiff's hourly rate of pay was approximately $13.00. From approximately August 21, 2021 to until the end of her employment with Defendants, Plaintiff's hourly rate of pay was approximately $15.00. In addition to hourly pay, Defendants also paid Plaintiff pay labeled as "incentives," "productivity," and "product bonus" that corresponded to many workweeks in which Plaintiff worked more than 40 hours.

32. Relative to Plaintiff's employment, Defendants started Plaintiff's seven-day FLSA workweek on a Saturday and ended that workweek on the following Friday.

33. There were 14 calendar days in each pay period for which Defendants paid Plaintiff. The first day of each 14 day pay period was a Saturday and the final day of each 14 day pay period was a Friday.

34. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff all overtime premium wages for those overtime hours worked. During some workweeks, Defendants paid Plaintiff time and one-half her hourly rate of pay for hours worked over 40.

35. However, in other workweeks, Defendants did not pay Plaintiff all overtime premium pay owed for all hours worked over 40 per workweek. For example, During the 14 day pay period from Saturday, September 18, 2021 to Friday, October 1, 2021, Defendants credited Plaintiff with 101.25 "floor hours," 1.01 "closing hours," 5.28 "administrative hours" but only 2.84 "overtime hours" worked (107.54 straight time hours listed but only 2.84 overtime hours listed). During the next 14 day pay period, which was from Saturday, October 2, 2021 to Friday, October 15, 2021, Defendants credited Plaintiff with 123.12 "floor hours," 1.47 "closing hours," 7.87 "administrative hours" but only 2.38 "overtime hours" worked (132.46 straight time hours listed but only 2.38 overtime hours listed). There are many overtime hours in the four workweeks covered by those two pay periods for which Defendants did not pay Plaintiff time and one-half her regular rate of pay. There are other workweeks in which that same practice occurred. Additionally, Plaintiff earned both incentive pay and productivity pay for workweeks covered by those two pay periods.

### IV.   CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. "The FLSA defines an employee as any individual employed by an employer." *Lovo v. Express Courier Intl., Inc.*, 4:16-CV-853-Y, 2019 WL 387367, at *2 (N.D. Tex. Jan. 30, 2019) (citing 29 U.S.C. § 203(e)(1) (brackets and quotations omitted)). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* (citing 29 U.S.C. § 203(d)). "[E]mploy means to suffer or permit to work." *Id.* (citing 29 U.S.C. § 203(g) (quotations omitted)). Accordingly, "the definition of employee under the FLSA is particularly broad." *Id.* (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (brackets omitted)).

39. Individual owners, officers, and/or managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

40. "The joint employment doctrine treats a worker's employment by joint employers as one employment for purposes of determining compliance with the FLSA's wage and hour requirements." *Seong Song v. JFE Fran., Inc.*, 394 F. Supp. 3d 748, 754–55 (S.D. Tex. 2019)

(citing *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); 29 C.F.R. § 791.2(a) (quotations omitted)). "Under the FLSA, a single worker may stand in the relation of an employee to two or more employers at the same time." *Id.* at 754 (citing 29 C.F.R. § 791.2(a) (quotations and brackets omitted)). "If all the relevant facts establish that those employers are acting entirely independently of each other and are completely disassociated with respect to the employment of the employee, then they are treated as separate and distinct employers. *Id.* (quotation and citation omitted). "On the other hand, if the facts show that employment by one employer is not completely disassociated from employment by the other employer(s), then they are treated as joint employers." *Id.* (citing 29 C.F.R. § 791.2(a); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been interpreted to encompass one or more joint employers")).

41. "Thus, a finding of joint employment requires that the hours an employee works for each joint employer be aggregated for overtime pay purposes and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Id.* (citing *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.* "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013).

42. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the

employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

43. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

44. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

45. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

46. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.    FLSA CLAIMS

47.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48.     Plaintiff was employee of Great Clips pursuant to the FLSA. 29 U.S.C. § 203(e).

49.     Plaintiff was an employee of Mr. Azam pursuant to the FLSA. *Gray*, 673 F.3d at 357.

50.     Great Clips and Mr. Azam were joint employers of Plaintiff relative to the claims in this lawsuit. *Wirtz*, 368 F.2d at 141.

51.     In 2021, Great Clips was an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendants. 29 U.S.C. § 203(d).

52.     In 2021, Mr. Azam was an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendants. 29 U.S.C. § 203(d).

53.     In 2021, Great Clips was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

54.     Plaintiff was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to her employment with Defendants in 2021.

55.     Plaintiff regularly engaged in interstate commerce during her employment with Defendants in 2021.

56.     Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek when Plaintiff was employed by Defendants.

57.     In determining Plaintiff's regular rate of pay, remuneration labeled as "incentives," "productivity," and "product bonus" should be included.

58. The failure of Defendants to pay Plaintiff time and one-half her regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

59. Plaintiff alleges that Defendants are jointly and severally liable for her damages in this lawsuit.

60. Plaintiff seeks all damages available for Great Clips' and/or Mr. Azam's failure to timely pay all her all FLSA overtime wages owed.

### VI. JURY TRIAL DEMAND

61. Plaintiff demands a trial by jury.

### VII. DAMAGES AND PRAYER

62. Plaintiff asks that she be awarded a judgment against Great Clips and/or Mr. Azam and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including unpaid overtime wages,

   b. Liquidated damages in an amount equal to FLSA unpaid overtime wages,

   c. Legal fees,

   d. Costs,

   e. Post-judgment interest, and/or

   f. All other relief to which Plaintiff is entitled.

Date: April 18, 2022.

Respectfully submitted,

By:   s/ Allen R. Vaught
      Allen R. Vaught
      Attorney-In-Charge
      TX Bar No. 24004966
      Vaught Firm, LLC

        1910 Pacific Ave., Suite 9150
        Dallas, Texas 75201
        (972) 707-7816 – Telephone
        (972) 591-4564 – Facsimile
        avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF